IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-81046

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

LAW OFFICES OF ROBERT L BOGEN PA and
SPEAKEASY MARKETING INC.,

    Defendants.

---

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants Law Offices of Robert L Bogen PA ("Bogen Law Firm") and Speakeasy Marketing Inc. ("Speakeasy") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2.    Bogen Law Firm is a professional association organized and existing under the laws of the State of Florida with its principal place of business located at 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431. Bogen Law Firm's agent for service of process is Robert L. Bogen, Esq., 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431.

3.    Speakeasy is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 73-03 Bell Blvd., #1O, Oakland Gardens, NY, 11364. Speakeasy's agent for service of process is Lawrence Winer, 73-03 Bell Blvd., #1O, Oakland Gardens, NY, 11364.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Bogen Law Firm because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

6.      This Court has personal jurisdiction over Speakeasy pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because it committed a tortious act within this state and the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice. "Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state.  Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida." Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) (citing Roberts v. Gordy, No. 13-24700-CIV, 2015 U.S. Dist. LEXIS 180644, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 14, 2015)). Roof & Rack Prods., Inc. v. GYB Inv'rs, LLC, No. 13-80575-CV, 2014 U.S. Dist. LEXIS 92334, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.").

7.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendants or their agents reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."  Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'"  McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.    Plaintiff's Business and History

8.    Plaintiff was created as a Florida corporation in June 2005.  Plaintiff's sole shareholder is Robert Stevens.

9.    For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

10.    Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

11.    Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients.  He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod

Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

12.     Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

13.     Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

14.     Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof.  Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

II.     **The Work at Issue in this Lawsuit**

15.     In 2005, Plaintiff created a photograph titled "Downtown West Palm Beach 8/21/2005" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management information as follows: "Photograph by Robert Stevens." A copy of the Work is exhibited below.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



16.     The Work was registered by Plaintiff with the Register of Copyrights on March 13, 2013 and was assigned Registration No. VA 1-850-334. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

17.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III.    Defendants' Unlawful Activities**

18.     Bogen Law Firm (per its website) is a law firm practicing family and criminal defense law. Bogen Law Firm's principal (Robert L. Bogen, Esq.) was admitted to practice law in 1976.

19.     Speakeasy is a marketing agency specializing in providing its services to sole practitioners and small 2-5 attorney law firms.   Speakeasy claims on its website to have helped

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

hundreds of attorneys successfully navigate Google's search algorithm changes, growing their websites from 2 potential clients calling a month to 4+ calls per day for some clients.

20.     Bogen Law Firm has represented that it retained Speakeasy to design, create and publish Bogen Law Firm's website during all times material to the allegations of this lawsuit. Speakeasy designed the website, Bogen Law Firm approved it, and the website was ultimately published by Defendants.

21.     On a date after Plaintiff's above-referenced copyright registration of the Work, Defendants caused the Work to be published on Bogen Law Firm's website (at https://bogenlaw.com/palm-beach-florida-palm-beach-county-family-law-criminal-defense-attorneys/:



22.     Upon information and belief, Defendants cropped the Work so as to remove Plaintiff's copyright management information. The remaining details of the photograph, however, unequivocally show the two photographs to be the same.  A true and correct copy of screenshots of Bogen Law Firm's website, displaying the copyrighted Work, is attached hereto as **Exhibit**

**"B."**

23.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their respective businesses or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendants on notice that the Work was not intended for public use.

24.     Defendants utilized the Work for commercial use – namely, in connection with their marketing and advertising of Bogen Law Firm's business.

25.     Upon information and belief, Defendants located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

26.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in approximately May 2020.  Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.   To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

27.     All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT
#### (Speakeasy)

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

29.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

30.     Plaintiff owns a valid copyright in each photograph comprising the Work,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

31.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Speakeasy had access to the Work prior to its own reproduction, distribution, and public display of the Work on Bogen Law Firm's website.

32.     Speakeasy reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

33.     By its actions, Speakeasy directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes of Bogen Law Firm.

34.     Alternatively, to the extent Speakeasy did not directly infringe Plaintiff's rights in the Work, Speakeasy is liable for contributory infringement.

35.     As Speakeasy guides, directs and implements the marketing plans for its clients, Speakeasy has the ability to influence and control the infringing acts of its clients.

36.     Thus, assuming Speakeasy did not directly infringe, Speakeasy caused or materially contributed to Bogen Law Firm's infringing activity.  Speakeasy encouraged Bogen Law Firm to utilize copyrighted imagery on Bogen Law Firm's website, all while knowing the material was copyright protected.

37.     Speakeasy obtained a direct financial benefit from its own and/or Bogen Law Firm's infringing activities.

38.     Speakeasy's infringement was willful as it acted with actual knowledge or reckless

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Speakeasy itself utilizes a copyright disclaimer on its website ("Copyright © 2009-2022 www.SpeakeasyMarketingInc.com. All Rights Reserved."), indicating that Speakeasy understands the importance of copyright protection and intellectual property rights.  Further, as a publisher of digital media content and photography services, Speakeasy clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

39.     Plaintiff has been damaged as a direct and proximate result of Speakeasy's infringement.

40.     Plaintiff is entitled to recover its actual damages resulting from Speakeasy's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Speakeasy's profits from infringement of the Work, which amounts shall be proven at trial.

41.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Speakeasy's conduct.

43.     Speakeasy's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Speakeasy as follows:

a.  A declaration that Speakeasy has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Speakeasy, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Speakeasy, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Bogen Law Firm)

44.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

45.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

46.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

47.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Bogen Law Firm had access to the Work prior to their own reproduction, distribution, and public display of the Work on its website.

48.     Bogen Law Firm reproduced, distributed, and publicly displayed the Work without

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

authorization from Plaintiff.

49.     By its actions, Bogen Law Firm infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

50.     Alternatively, to the extent Bogen Law Firm did not directly infringe Plaintiff's rights in the Work, Bogen Law Firm is liable for vicarious infringement.

51.     As the owner of the website in question and the entity which retained Speakeasy to design/publish content thereon, Bogen Law Firm has the right and ability to control the infringing acts of Speakeasy yet declined or failed to stop Speakeasy from engaging in its infringing activity.

52.     Bogen Law Firm's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Bogen Law Firm itself utilizes a copyright disclaimer on its website ("Copyright © 2021, The Law Offices of Robert L. Bogen. All rights reserved"), indicating that Bogen Law Firm understands the importance of copyright protection and intellectual property rights.

53.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

54.      Plaintiff is entitled to recover its actual damages resulting from Bogen Law Firm's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Bogen Law Firm's profits from infringement of the Work, which amounts shall be proven at trial.

55.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

56.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

attorneys' fees as a result of Bogen Law Firm's conduct.

57.    Bogen Law Firm's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Bogen Law Firm as follows:

a. A declaration that Bogen Law Firm has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Bogen Law Firm, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Bogen Law Firm, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## <u>Demand For Jury Trial</u>

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 18, 2022.


COPYCAT LEGAL PLLC

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
James@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
        Daniel DeSouza, Esq.
        Florida Bar No.:  19291
        James D'Loughy, Esq.
        Florida Bar No.: 052700
        Lauren M. Hausman, Esq.
        Florida Bar No.: 1035947

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

VA 1-850-334

**Effective date of registration:**

March 13, 2013

## Title

**Title of Work:** Downtown West Palm Beach 8/21/2005

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** August 21, 2005     **Nation of 1st Publication:** United States

## Author

**Author:** Affordable Aerial Photography Inc.

**Author Created:** photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Affordable Aerial Photography Inc.

1123 Melinda Lane, Haverhill, FL, 33417, United States

## Rights and Permissions

**Organization Name:** Schneider Rothman Intellectual Property Law Group PLLC

**Name:** Joel B. Rothman

**Email:** joel.rothman@sriplaw.com     **Telephone:** 561-404-4350

**Address:** 5295 Town Center Rd, Suite 202

Boca Raton, FL 33486

## Certification

**Name:** Robert Stevens

**Date:** March 13, 2013

**Applicant's Tracking Number:** 00022

**EXHIBIT "B"**

Call For A Case Evaluation (561) 299-5654

# Palm Beach, Florida Palm Beach County Family Law & Criminal Defense Attorneys



**The Law Offices of Robert L. Bogen, P.A.**
**2300 Glades Road, Suite 203E**
**Boca Raton, FL 33431**
**Tel: (561) 299-5654**

Click This Link To See Our Office Map And Direction.

The highly experienced and motivated family law and criminal defense lawyers at **The Law Offices of Robert L. Bogen, P.A.** serve the city of Palm Beach as well as all of Palm Beach County! Attorney Robert L. Bogen, Esq. handles all types of Criminal Defense and Family Law Issues. **The Law Offices of Robert L. Bogen, P.A.** also serves the entire Broward County area and handles select cases throughout the State of Florida.

## No Case Is Too Small Or Too Large!

Attorney Robert Bogen has tried cases ranging from divorce proceedings to DUI to assault. He is highly experienced in handling different types of criminal cases, offering aggressive criminal defense representation to clients charged with drug crimes, DUI, domestic violence, probation violations, theft crimes, DUI and violent crimes. These are all very serious criminal offenses with punishments that can range from **fines** to **incarceration.** When charged with criminal offense, you need an experienced Boca Raton criminal defense attorney like Robert L. Bogen, Esq. to represent you.

Attorney Robert L. Bogen has more than 35 years of experience in divorce cases where ancillary issues such as alimony, child support, child custody, visitation, and property distribution were often settled smoothly and cost effectively with negotiated marital settlement and property agreements. However, he has also helped clients prevail in highly contested divorces where justice demanded that several issues be litigated. Family law issues are fraught with emotion, so they require experienced, capable management. At The Law Offices of Robert L. Bogen, we give you the highest level of personalized care and our firm commitment to work toward your best possible result.

## Over The Last Few Months Our Lawyers Have Handled A Diverse Range Of Family Law And Criminal Cases In Boca Raton, Delray Beach, Boynton Beach, West Palm Beach, Deerfield Beach, Pompano, Beach, Coconut Creek, Coral Springs, Parkland, Fort Lauderdale, Weston, Pembroke Pines And The Surrounding Areas.

The Town of Palm Beach is an incorporated town in Palm Beach County, Florida, United States. The Intracoastal Waterway separates it from the neighboring cities of West Palm Beach and Lake Worth. Palm Beach is the easternmost town in Florida, located on a 16-mile (26 km) long barrier island. Palm Beach has a tropical rainforest climate. The city is served by Palm Beach International Airport and Amtrak, as well as Tri-Rail—all located in West Palm Beach and connecting Palm Beach to Miami. Public transportation is available through Palm Tran, and connects with the rest of the county. The northern portion of Palm Beach is served by the Route 41 bus which travels from the northernmost portion of Palm Beach at the inlet and down to Royal Palm Way, across the Royal Park Bridge (State Road 704) into West Palm Beach and up to the government center, and then follows the same route in reverse.

Private vehicles and taxis are the predominant means of transport in Palm Beach. Bicycles are a popular transport on the island, although most areas have no bicycle trails, so safe and comfortable travel is not always assured. The Lake Trail, exclusively for pedestrian and bike traffic, extends from Royal Palm Way (State Road 704) in the south up to the north end of the island. The trail follows the edge of the Lake Worth Lagoon (part of the Intracoastal waterway) except for a section between the Flagler Museum and the Biltmore Condominiums, where the trail follows the streets. Another break occurs to pass around the Sailfish Yacht Club in the north end of the island. The Lake Trail is filled daily with bikers, rollerbladers, runners, and dog-walkers. Traveling by bike along the ocean can be hazardous. Only a short section in the downtown area has sidewalks. The roads along the ocean are narrow and have small or no shoulders, making biking a potentially dangerous activity in those areas.

**Important Links For The Town Of Palm Beach:**

- Police Department
- City Council
- Palm Beach County Court
- Palm Beach Gardens Medical And Emergency Services
- Palm Beach Fire Rescue Services
- Palm Beach International Airport

  Get your questions answered - Call for a case evaluation (561) 299-5654.

Home > Palm Beach, Florida Palm Beach County Family Law & Criminal Defense Attorneys



Copyright © 2019, The Law Offices of Robert L. Bogen. All rights reserved.

LIVE CHAT

# side by side photo comparisons



original photo

cropped   stretched   cropped

cropped

copyright management information removed

original photo was stretched, cropped and the copyright management information removed